ALBERT HOPPE, AN INFANT, ETC., v. WILLIAM PARMALEE ET AL.

**1.** EMPLOYMENT OF MINORS—OMISSION TO CHARGE AS NEGLIGENCE PER SE.

Where a charge as given be unexceptionable, the fact that the court failed to give other instructions which might properly have been given, does not constitute error unless such instructions were specifically requested and refused. Thus, in action by a minor under nine years of age, for injuries sustained while the act 82 O. L., 161, sec. 6986, Rev. Stat., prohibiting the employment of minors in manufactories, was in force, a failure to charge that the violation of said statute constituted *prima facie* negligence, if proper (a question not decided), in the absence of a special request and refusal, was not erroneous.

**2.** EVIDENCE IMPROPERLY ADMITTED—CURED BY DIRECTION TO DISREGARD.

The improper admission of evidence in such action to the effect that money had been received from defendant for the benefit and education of plaintiff, cannot be regarded as constituting prejudicial error where the court subsequently directed the jury to wholly disregard all such testimony.

**3.** EVIDENCE THAT NO ACCIDENTS HAD OCCURRED.

Under the rule which, to show defendant's knowledge that accidents were likely to occur at a certain machine, permits plaintiff to prove that other accidents have occurred under like circumstances, it is competent for a defendant to prove that, during the operation of a machine for many years, no accidents have occurred.

**4.** EVIDENCE AS TO EMPLOYMENT OF MINORS IN OTHER FACTORIES.

In an action for personal injuries, in which it is alleged that the defendants, in the operation of a manufactory, were negligent in employing plaintiff because of his tender years, it is proper to show that at other factories children of the age of plaintiff were employed for the same purpose, in order to show that the defendants exercised such care and prudence as was ordinarily exercised by others under similar circumstances.

**5.** WHEN A VERDICT CANNOT BE SET ASIDE AS AGAINST EVIDENCE.

A verdict cannot be set aside as being against the weight of evidence, unless the court is warranted in saying that the jury were clearly wrong in coming to the conclusions arrived at by them; the fact that the reviewing court or another jury might have arrived at a different result, is not sufficient to justify a reversal of the judgment.

Hoppe v. Parmalee.

HEARD ON ERROR.

MARVIN, J.

The plaintiff in this proceeding was the plaintiff below. The suit was brought to recover for injuries which the plaintiff sustained while in the employ of the defendants on August 25, 1888, at which time the plaintiff was about nine years of age.

The defendants at that time were the owners and operators of a woolen factory at Liverpool, Medina county, Ohio. Among the machinery connected with said factory was a machine known as a "wool picker." This machine was for untangling the fibers of wool and was run by some power other than that of the operator. On the day of the accident the plaintiff was engaged in feeding the wool to this machine, and while so employed, his hand and arm were caught in the machine, resulting in such injury as necessitated the amputation of the arm above the elbow.

The charge in the petition is that the defendants were negligent in employing him by reason of his tender years, his entire want of experience in operating such a machine, in the failure to afford proper protection and guards about said machine, and in the failure to properly instruct and direct the plaintiff as to the manner in which he should perform his work at said machine.

The defendants admit the employment of the plaintiff; that he was injured and lost his arm while in their employment at this machine. Aver that he was given proper instructions, that the machine was not dangerous, and that the injury to plaintiff was brought about by his negligence and want of proper care.

The result of the trial was a verdict and judgment for the defendants.

At the time of this accident a statute was in force in this state, found in 82 O. L., 161, which reads:

"No minor under the age of twelve years shall be employed in any factory, workshop, or establishment, wherein the manufacture of any goods of any kind is carried on."

This was sec. 6986, Rev. Stat. Section 6986 *bb* of the statutes, as then in force, provides for punishment by fine or imprisonment, of any person or corporation employing a minor in violation of the provisions of the act.

It is urged as error in this case, that the court in its charge to the jury did not say that the violation of this statute by the defendants, in the employment of the plaintiff, was, in itself, negligence, or, at least, that the court should have said that such employment, in violation of the statute, raises a presumption of negligence on the part of the employers and that there was error in the charge in what the court did say on the subject of the application of this statute to the case on trial. In its charge, the court used this language:

"Were the defendants guilty of negligence and want of due care in employing said plaintiff at the age at which he was at the time of said employment, and setting him to run said machine, and in failing and neglecting to give the plaintiff proper instructions with reference to running said machine?"

Again, the court said:

"You will consider the testimony relating to the age of the plaintiff at the time of the injury, his experience, and knowledge of the machine

which he undertook to operate and run, the instructions which the defendant gave to the plaintiff on the day of his alleged injury, the knowledge he had of operating said machine before that, together with all other facts and circumstances connected with this case, as shown by the evidence given you upon the trial."

Again, the court said:

"If you find from the evidence given you in this case, that said defendants failed and neglected to use such care in employing said plaintiff and setting him to work upon said machine, and instructing him with reference to the same, as men of ordinary care and prudence would have done under the same or similar circumstances, then I say to you, · said defendants would be guilty of negligence " in the failure to use such care.

"On the 28th day of August, 1888, at the time of the injury to the plaintiff there was a statute of the state of Ohio in force, which provided that 'no minor under the age of twelve years shall be employed in any factory, workshop or establishment wherein the manufacture of any goods of any kind is carried on.'

"It was made a criminal offense to violate the provisions of said statute and employ in any factory, workshop or establishment, wherein the manufacture of any goods of any kind was carried on, a minor under the age of twelve years.

"I, therefore, say to you that it would be proper for you to consider said statute in the determining whether said defendants were guilty of negligence in employing the plaintiff to work in the place and at the machine where he was at work at the time of his injury.

"If you find from the evidence given you in this case, that the defendants violated a provision of the statute, prohibiting the employment of children in factories, that fact may be considered by you in determining whether said defendants were guilty of negligence in employing said plaintiff and permitting him to work in their woolen factory at the time he received the injuries complained of in his petition in this case.

"This statute may be considered by you in connection with all the other facts and circumstances of this case."

That what was said by the court in reference to the statute, is the law, can not be questioned, is not questioned by the plaintiff in errror. But it is urged that the court mislead the jury in not using language stronger than that used.

In Meek v. Pennsylvania Co., 38 Ohio St., 632, the first clause of the syllabus reads:

"In an action to recover for an injury alleged to have been caused by cars moving on a railroad track, proof that the company was moving its cars in violation of a city ordinance at the time the injury was inflicted, while not sufficient *per se* to create a liability, is yet competent to go to the jury as tending to show negligence." And in the same case, in the opinion on page 638, this language is used in speaking of the ordinance which it was claimed had been violated by the company:

"It was a command to those operating trains within the city limits which it was their duty to obey, and a disobedience, either wilfully or negligently, resulting in injury, is some evidence to be considered in determining the defendant's liability."

In Davis v. Guarnieri, 45 Ohio St., 471, which was a case in which the plaintiff in the court of common pleas, as administrator, sought to

Hoppe v. Parmalee.

recover for the death of his intestate caused by the acts of the defendant, who was a druggist, in the selling of a poisonous drug; the druggist in violation of a provision of the statute which required such drug to be labeled "Poison," omitted so to label the drug. The court (p. 477) charged the jury:

"If in the putting up of this drug (And I say to you that part of the putting up is the matter of labeling it), this statute was violated, then there was negligence on the part of Foster which would make the defendant, if you find that Foster was his agent, liable for the injury resulting from that, unless by reason of the negligence of others as I will hereafter explain."

In speaking of this charge, the court in its opinion at p. 485 quotes, with approval, the language of the opinion in Meek v. Pennsylvania Co., *supra*, and then uses this language, on p. 486:

"It was a question fairly addressed to the jury, in determining the issue of negligence, whether the omission to label the fatal drug contributed to the wrong complained of, and such omission was certainly none the less a negligent act because it is denounced as a crime by the statute. The charge of the court clearly submitted to the jury whether this particular act of omission contributed to the injury complained of."

Without citing further authorities in Ohio, it is certainly true that our Supreme Court have never yet gone so far as to say that an act done in violation of a statute or an ordinance is negligence *per se*. Nor has that court gone so far as to say that the violation of such statute or ordinance raises a presumption of negligence, although there are many authorities outside of Ohio in support of each of these propositions.

In Shearman and Redfield on Negligence, 5th Ed., sec. 467, this language is used:

* * * But the true rule is perfectly plain. The violation of such law, if left without explanation or excuse, is conclusive proof of *negligence*, but it may be excused, or it may afford no proof at all that this negligence was the cause of plaintiff's injury. If it is proved that, as a proximate consequence of such negligence, the plaintiff was injured, without contributory negligence, the jury have no right to find for the defendant. If this is the only negligence proved against the defendant, and it did not proximately contribute to the plaintiff's injury, the jury have no right to find for the plaintiff. Or if some good excuse appears, which would be a sufficient defense to an action for the penalty imposed by the law, or which would show greater care in technical violation of the law than in obeying it, then the law is not really violated.

We make no holding as to whether it would have been error for the court to charge that the violation of this statute made *prima facie* a case of negligence against the defendants, because no request was made that such a charge should be given to the jury. As has already been said, what was said to the jury was clearly the law and, if the plaintiff desired the court to charge further on the subject of this statute, a request for such charge should have been made and, none having been made, we hold that there was no error in failing to give any other proposition on the subject, whether such other proposition would have been warranted or not. In support of this, attention is called to the following cases: Taft v. Wildman, 15 Ohio, 123; Jones v. Ohio, 20 Ohio, 34; Schryver v. Hawkes, 22 Ohio St., 308.

In this last named case the second clause of the syllabus reads: "Where the charge of the court is correct so far as it goes, but omits to

state a proposition of law involved in the case, but to which its attention was not called, otherwise than by a general exception to the charge, the omission is not error for which the judgment will be reversed, provided the jury are not misled by the charge."

And in Smith v. Railroad Co., 23 Ohio St., 10, the second clause of the syllabus reads:

"If the charge as given be unexceptional, it is no ground for error that the court failed to give other instructions which might properly have been given, unless such other instructions be specifically requested and refused."

It is further urged that the court erred in its rulings upon the admission of evidence, and attention is especially called to the fact that the court permitted witnesses to testify that the defendants had paid to the father of the plaintiff a sum of money in settlement of the plaintiff's claim. One of the witnesses on this subject was Dr. Arthur Brintnall. This witness was not only permitted to testify that he saw money paid by defendants to the father of the plaintiff, but that he had a conversation with the plaintiff later in which he (the plaintiff) said that the money had been used for his benefit and education.

This evidence was all admitted over the objection of the plaintiff, but afterwards the court instructed the jury that it was not to be considered by them and should not, in any wise, affect the plaintiff's rights. The language, used by the court in this regard, is as follows:

"Gentlemen of the jury, I take from your consideration all the testimony which has been given to you with reference to the payment of money by defendants to the father of the boy. You need not consider that in determining your verdict. I withdraw from your consideration and you need not consider the question of any talk between the father and the defendants with reference to the settlement of this case."

Surely if the jury understood this language of the court—and it is difficult to see how it could have been more clearly expressed, the evidence now under consideration, could not have been used by the jury to the prejudice of the plaintiff.

Again, over the objection of the plaintiff, William Blackburn was permitted to testify in answer to a question put by the defendants, as follows:

Question.—During the time that you were employed in that factory, did you know of any accident at that machine or any of the pickers except this one?

"Answer.—No."

Blackburn had already testified that he had been familiar with the the operation of this factory for a long time; that he knew of the use of this picker for years, and that it was fed by young children. And then came the question, before quoted.

We suppose it to be settled, that to show that the defendants had knowledge that accidents were likely to occur at this machine, it would have been competent for the plaintiff to show that other accidents had occurred under like circumstances,—and we know of no good reason why the converse should not be allowed, that is to say; to show by a witness familiar with the machine, that, during its operation for many years, no accident had occurred. This same question is raised with other witnesses.

There was no error to the ruling of the court upon this question.

When the defendant, Mr. Dwight Parmalee, was upon the stand, he was permitted to answer that at other woolen factories young children, not older than the plaintiff, were employed in feeding such machines as that at which the plaintiff was injured. This over the objection of the plaintiff. We think this was competent as tending to show that the defendants exercised such care and prudence as was ordinarily exercised by others under similar circumstances.

Without specifically considering other questions of evidence raised in the record, we find no error in any ruling of the court upon the question of evidence which was prejudicial to the plaintiff in error.

It is further urged that the verdict was so clearly against the weight of the evidence, that the judgment should be set aside on that account. We are unable to concur in this claim. That the case was very close, cannot be denied; but there was evidence tending to show that the plaintiff was instructed properly as to his duties and as to the dangers which might be apprehended if he left his place at the table from which the wool was fed to the picker.

Evidence was also given tending to show that the plaintiff had been about the factory and about this machine frequently when it was being operated by another boy of about his own age, and that he was entirely familiar with the operation of the machine.

And we think the jury might well have found, that, notwithstanding his tender years and his want of experience in feeding the machine, still he was possessed of sufficient intelligence and had been sufficiently advised of the surroundings, as that but for such negligence as even one of his extreme youth must be held responsible for, he would not have been injured.

It may be that we should not have come to the conclusion to which the jury came. It is quite likely that another jury might have come to a different conclusion. But we do not feel warranted in saying that the jury were clearly wrong in coming to the conclusion to which they did come,—and the judgment is affirmed.